## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 10-06981 |
| FIRST CHOICE DRYWALL, INC., | ) | |
| | ) | Hon. Jack B. Schmetterer, Presiding |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |
| N. NEVILLE REID, as Chapter 7 Trustee for | ) | |
| FIRST CHOICE DRYWALL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Adv. No. 12 A 00625 |
| RONALD PRESBITERO. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

N. Neville Reid, not individually, but solely in his capacity as Chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of First Choice Drywall, Inc. (the "Debtor"), Plaintiff, respectfully requests that this Court enter the following findings of fact and conclusions of law in this matter.

### INTRODUCTION

This Adversary Proceeding sought to avoid certain preferential transfers of property pursuant to Section 547(b) of title 11 of the United States Code (the "Bankruptcy Code") and to recover certain post-petition transfers of property of the Estate pursuant to Section 549 of the Bankruptcy Code. Ronald Presbitero (the "Defendant") was served and failed to respond as required. As a result, on July 10, 2012, this Court held the Defendant in default and ordered that

all allegations in the Complaint were to be taken as confessed against the Defendant. See Order of Default, attached hereto as Exhibit A. The Court now makes and enters the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1.  On February 2, 2010 (the "Petition Date"), three petitioning creditors filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Court").

2.  On May 14, 2010, the Court entered an order for relief under Chapter 7. Shortly thereafter, the United States Trustee for the Northern District of Illinois duly appointed N. Neville Reid as Chapter 7 trustee.

3.  On April 13, 2012, the Trustee filed a complaint (the "Complaint") commencing this adversary proceeding against the Defendant on behalf of the Estate to avoid certain preferential transfers of property pursuant to section 547(b) of Title 11 of the Bankruptcy Code and to recover certain post-petition transfers of property of the Estate pursuant to section 549 of the Bankruptcy Code. Summons and Complaint were served on the Defendant on April 16, 2012. (Docket No.4).

4.  The Defendant was required to answer the Complaint or otherwise plead on or before May 16, 2012 pursuant to Federal Rule of Bankruptcy Procedure 7012.

5.  The Defendant failed to answer or otherwise plead as required.

6.  As a result, Plaintiff filed, served, and presented a Motion for Order of Default on July 10, 2012.

7.  On July 10, 2012, the Court entered an Order granting the Motion for Order of Default and holding the Defendant in default (the "Order of Default").

8.     The Order of Default found that all allegations in the Complaint were taken as confessed against the Defendant.

9.     The well-pleaded allegations in the complaint included the following: Defendant is an individual residing in Will County, Illinois; Defendant was the president and sole shareholder of the Debtor, First Choice Drywall; and the Debtor engaged in the business of construction and, in particular, the installation of drywall.

## PREFERENCE PAYMENTS

10.     Within one year prior to the Petition Date, during the period of February 9, 2009 to February 9, 2010, Debtor made numerous payments to the Defendant.

12.     On Debtor's Statement of Financial Affairs, attached hereto as Exhibit B, the Debtor listed Ronald J. Presbitero, the Defendant, as a creditor and an insider. See Exhibit B, Page 2, Section 3.

13,     The Statement of Financial Affairs also listed $104,150.00 as the amount paid to the Defendant at "various dates in the one year period" prior to the Petition Date. See Exhibit B, Page 2, Section 3(c).

## POST-PETITION TRANSFERS

14.     After the Petition Date, but before the order for relief under Chapter 7 was entered, the Debtor made at least $26,540.05 in additional transfers to the Defendant. These transfers were made via checks drawn from the Debtor's account at State Bank of Countryside and made payable to Ronald J. Presbitero, the Defendant.

15.     In the Debtor's Schedule B, attached hereto as Exhibit C, the Debtor claimed ownership of the Countryside Bank checking account ending in 7000 (the "Account"). See

3

Exhibit C, Page 1, Section 2. The following table lists the dates and amounts of certain checks drawn from the Account:

| Check Date | Check Amount |
|---|---|
| February 19, 2010 | $421.21 |
| February 19, 2010 | $1,800.00 |
| February 12, 2010 | $421.21 |
| February 12, 2010 | $1,800.00 |
| February 5, 2010 | $421.21 |
| February 5, 2010 | $1,800.00 |
| February 26, 2010 | $421.21 |
| February 26, 2010 | $1,800.00 |
| March 13, 2010 | $3,000.00 |
| March 12, 2010 | $1,800.00 |
| March 5, 2010 | $421.21 |
| March 5, 2010 | $1,800.00 |
| March 25, 2010 | $3,000.00 |
| April 30, 2010 | $1,400.00 |
| April 1, 2010 | $3,000.00 |
| April 12, 2010 | $3,000.00 |
| May 10, 2010 | $144.00 |

True and correct copies of these checks are attached hereto as Exhibit D.

16.     These transfers were not authorized by the Bankruptcy Code.

## CONCLUSIONS OF LAW

17.     The Court has jurisdiction to enter this order pursuant to 28 U.S.C. §§ 1334 and 157(a), and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

18.     Under 28 U.S.C. § 157(b)(1), a bankruptcy judge to whom a case has been referred may enter final judgment on core proceedings arising in the case. Proceedings seeking to avoid preferences and post-petition transfers are core proceedings. 28 U.S.C. § 157(b)(2)(H). As such, this Court has the authority to enter a final judgment in this proceeding.

19.    The authority of bankruptcy judges to enter final orders in certain matters has been called into question by the Supreme Court's recent ruling in Stern v. Marshall, 131 S. Ct. 2594 (2011).

20.    In Stern, the Court found that Congress cannot delegate to a non-Article III court the judicial power "to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." Id. at 2620.  However, Stern and its progeny do not directly implicate claims that fall entirely within the framework of Title 11, such as the claims that form the basis of this proceeding.

21.    In the present case, the Plaintiff's claims in Adversary Proceeding 12-00625 are based solely on Bankruptcy Code sections 547 and 549. As a result, this Court has jurisdiction to enter a final judgment in this matter.

## COUNT I PREFERENCES

22.    Section 547(b) of the Bankruptcy Code provides in relevant part:

**(b)** Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

**(1)** to or for the benefit of a creditor;

**(2)** for or on account of an antecedent debt owed by the debtor before such transfer was made;

**(3)** made while the debtor was insolvent;

**(4)** made—

**(A)** on or within 90 days before the date of the filing of the petition; or

**(B)** between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

**(5)** that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

23.     Pursuant to this Court's Order of July 10, 2012, all well-pled facts in the Complaint are taken as confessed against the Defendant. See Exhibit A.

24.     The decision to grant a motion for entry of a default judgment lies within the sound discretion of the trial court. Merrill Lynch Mortgage Corp. v. Narayan, 908 F.2d 246, 252 (7th Cir. 1990).

25.     As stated in the Complaint, the Debtor made numerous payments to the Defendant totaling $104,150.00 within the one year period prior to the Petition Date on account of antecedent debts to the Defendant.

26.     The Debtor's Statement of Financial Affairs (signed by the Defendant, as President of Debtor First Choice Drywall), is proof that the Debtor made payments totaling $104,150.00 to the Defendant within one year prior to the Petition Date.  See Exhibit B.

27.     Under the findings outlined above, these payments meet the criteria for avoidance: they constituted transfers as defined by section 101(54) of the Bankruptcy Code, they were made for or on account of antecedent debt owed by the debtor, and took place within one year prior to the Petition Date. Therefore, this Court finds these transfers avoidable under section 547(b) of the Bankruptcy Code and awards judgment to the Plaintiffs on Count I.

## COUNT II POST-PETITION TRANSACTIONS

28.     Section 549(a) of the Bankruptcy Code provides in relevant part:

**(a)**      Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of property of the estate—

> **(1)**      that occurs after the commencement of the case; and

> **(2)**

>> **(A)** that is authorized only under section 303(f) or 542(c) of this title; or

>> **(B)** that is not authorized under this title or by the court.

29.      Pursuant to this Court's Order of July 10, 2012, all well-pled facts in the Complaint are taken as confessed against the Defendant. See Order, Exhibit A.

30.      As noted in the Complaint, Debtor transferred at least $26,450.05 to the Defendant after the Petition Date, but before the order for relief under Chapter 7 was entered, in violation of section 549 of the Bankruptcy Code.

31.      The post-petition transfers depleted the estate and were not authorized.

32.      The undisputed facts presented to this Court reveal that these transfers occurred after the commencement of the case and without authorization under the Bankruptcy Code.

## CONCLUSION

As a result, judgment will be entered on Count I in favor the Plaintiff against the Defendant, Ronald Presibitero, in the amount of $104,150.00.  In addition, judgment will be entered on Court II in favor of Plaintiff against the Defendant, Ronald Presibitero, in the amount of $26,450.05.

Dated: September 21, 2012

Respectfully submitted,

**N. NEVILLE REID, not individually, but
solely in his capacity as Chapter 7 trustee for
the bankruptcy estate of First Choice
Drywall, Inc.**

By:   _/s/  Daniel P. Dawson_
       One of his attorneys

Daniel P. Dawson (ARDC# 6199728)
Joseph A. Ptasinski (ARDC# 6306772)
Nisen & Elliott, LLC
200 W. Adams St., Suite 2500
Chicago, Illinois  60606
(312) 346-7800
*Counsel to the Trustee*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>FIRST CHOICE DRYWALL, INC., | ) BK No.:   10-06981<br>)<br>) Chapter: 7<br>)<br>) Honorable Jack B. Schmetterer<br>)<br>) |
| Debtor(s)<br>N. NEVILLE REID, not individually but solely as chapter<br>7 trustee for the estate of First Choice Drywall, Inc. | ) Adv. No.: 12-00625<br>)<br>) |
| Plaintiff(s)<br>RONALD PRESBITERO | )<br>)<br>) |
| Defendant(s) | ) |

### ORDER OF DEFAULT

This cause coming before the Court on the motion (the "Motion") of N. Neville Reid, not individually but solely in his capacity as chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of First Choice Drywall, Inc. (the "Debtor") for an order of default against Ronald Presbitero (the "Defendant"), the Court finding that proper notice has been given and being otherwise fully informed in the premises; IT IS HEREBY ORDERED:

1) The Motion is granted and Ronald Presbitero is found to be in default; and

2) This matter is set for prove-up of damages on *August 9, 2012* *and 11 A.M.*

3) *All allegations of the Complaint are taken as confessed against the Defendant*

Enter: _____

United States Bankruptcy Judge

JUL 10 2012

Dated: 7/10/12

**Prepared by:**
Daniel P. Dawson (ARDC# 6199728)
Brittany E. Kirk (ARDC# 6294386)
Nisen & Elliott, LLC
200 W. Adams St., Suite 2500
Chicago, Illinois  60606

Rev: 20120501_apo

# EXHIBIT B

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Northern District of Illinois

| | | | |
|---|---|---|---|
| In re | First Choice Drywall, Inc. | Case No. | 10-06981 |
| | Debtor(s) | Chapter | 7 |

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $95,792.00 | 2008 - Income |
| $1,848,580.00 | 2009 - Income (amount listed is loss) |

---

**2. Income other than from employment or operation of business**

None ■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|

Case 12-00625    Doc 11    Filed 09/25/12    Entered 09/26/12 11:57:35    Desc Main
Document    Page 13 of 43
Case 10-06981    Doc 23    Filed 06/01/10    Entered 06/01/10 15:36:04    Desc Main
Document    Page 2 of 11

2

---

### 3. Payments to creditors

None ■ *Complete a. or b., as appropriate, and c.*

    a.   *Individual or joint debtor(s) with primarily consumer debts.* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

None □     b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
| --- | --- | --- | --- |
| See Attachment | | $0.00 | $0.00 |

None □     c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |
| Ronald J. Presbitero 14014 Doral Lane Homer Glen, IL 60491    Sole Shareholder and Officer | Various dates in one year period | $104,150.00 | $315,195.00 |

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None □     a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
| --- | --- | --- | --- |
| First Choice Drywall, Inc. v. Lincoln Contractors of Chicago, Inc. Case No. 08 CH 2221 | Mechanics lien foreclosure | Circuit Court of the Nineteenth Judicial Circuit Lake County, Illinois | Pending |
| First Choice Drywall, Inc. v. Lincoln Contractors of Chicago, Inc. et al. Case No. 08 CH 2222 | Mechanics lien foreclosure | Circuit Court of the Nineteenth Judicial Circuit Lake County, Illinois | Pending |
| First Choice Drywall, Inc. v. Lincoln Contractors of Chicago, Inc. Case No. 08 CH 2223 | Mechanics lien foreclosure | Circuit Court of the Nineteenth Judicial Circuit Lake County, Illinois | Pending |

---

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

3

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Harris N.A. v. First Choice Drywall, Inc., et al. Case No. 2010-L-002931 | Breach of contract | Circuit Court of Cook County Chicago, Illinois | Complaint filed March 8, 2010 |
| Trustees of the Chicago Painters and Decorators Pension Funds, et al v. First Choice Drywall, Inc. Case No. 09-CV-3747 | | United States District Court Northern Distirct of Illinois | Case dismissed September, 2009 |
| Anderson, et al. v. First Choice Drywall, Inc. Case No. 09-CV-3946 | | United States District Court Northern District of Illinois | Pending |
| Trustees of the Chicago Painters and Decorators Pension Funds, et al v. First Choice Drywall, Inc. Case No. 10-CV-1082 | | United States District Court Northern District of Illinois | Pending |

None
■   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 5. Repossessions, foreclosures and returns

None
■   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 6. Assignments and receiverships

None
■   a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None
■   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

Case 12-00625    Doc 11    Filed 09/25/12    Entered 09/26/12 11:57:35    Desc Main
Document    Page 15 of 43
Case 10-06981    Doc 23    Filed 06/01/10    Entered 06/01/10 15:36:04    Desc Main
Document    Page 4 of 11

4

### 7. Gifts

None
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

### 8. Losses

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

### 9. Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| Scalambrino & Arnoff, LLP One North LaSalle Street Suite 1600 Chicago, IL 60602 | February, 2010 | $2,000.00 |

### 10. Other transfers

None
■

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None
■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

Case 12-00625   Doc 11   Filed 09/25/12   Entered 09/26/12 11:57:35   Desc Main
Document   Page 16 of 43
Case 10-06981   Doc 23   Filed 06/01/10   Entered 06/01/10 15:36:04   Desc Main
Document   Page 5 of 11

5

**11. Closed financial accounts**

None ■   List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

**12. Safe deposit boxes**

None ■   List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13. Setoffs**

None ■   List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

**14. Property held for another person**

None ■   List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

**15. Prior address of debtor**

None ■   If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

**16. Spouses and Former Spouses**

None ■   If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

Case 12-00625   Doc 11   Filed 09/25/12   Entered 09/26/12 11:57:35   Desc Main
Document    Page 17 of 43
Case 10-06981   Doc 23   Filed 06/01/10   Entered 06/01/10 15:36:04   Desc Main
Document    Page 6 of 11

6

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None    a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be
■       liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if
        known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None    b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous
■       Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None    c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which
■       the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the
        docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None    a. *If the debtor is an individual,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and
■       ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a
        partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years**
        immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity
        securities within **six years** immediately preceding the commencement of this case.

        *If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and
        ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six
        years** immediately preceding the commencement of this case.

        *If the debtor is a corporation,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and
        ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six
        years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.
■

| NAME | ADDRESS |
|---|---|

Case 12-00625    Doc 11    Filed 09/25/12    Entered 09/26/12 11:57:35    Desc Main
Document    Page 18 of 43
Case 10-06981    Doc 23    Filed 06/01/10    Entered 06/01/10 15:36:04    Desc Main
Document    Page 7 of 11

7

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None ☐    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Sharon Klingler<br>Klingler & Associates<br>1328 Main Street<br>Crete, IL 60417 | |

None ■    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None ☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| Sharon Klingler | Klingler & Associates<br>1328 Main Street<br>Crete, IL 60417 |

None ☐    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| Harris N.A.<br>111 W. Monroe Street<br>Chicago, IL 60603 | June, 2009 |

---

**20. Inventories**

None ☐    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|---|---|---|
| May 14, 2010 | Ronald Presbitero | $15,000 |

None ☐    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|
| May 14, 2010 | Ronald Presbitero<br>14014 Doral Lane<br>Homer Glen, IL 60491 |

Case 12-00625   Doc 11   Filed 09/25/12   Entered 09/26/12 11:57:35   Desc Main
Document   Page 19 of 43
Case 10-06981   Doc 23   Filed 06/01/10   Entered 06/01/10 15:36:04   Desc Main
Document   Page 8 of 11

8

**21 . Current Partners, Officers, Directors and Shareholders**

None
■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None
☐    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| Ronald J. Presbitero<br>14014 Doral Lane<br>Homer Glen, IL 60491 | President | Owner of 100% of issued stock of debtor |

**22 . Former partners, officers, directors and shareholders**

None
■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None
■    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

**23 . Withdrawals from a partnership or distributions by a corporation**

None
■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None
■    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

**25. Pension Funds.**

None
■    If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

Case 12-00625    Doc 11    Filed 09/25/12    Entered 09/26/12 11:57:35    Desc Main
Document       Page 20 of 43
Case 10-06981    Doc 23    Filed 06/01/10    Entered 06/01/10 15:36:04    Desc Main
Document    Page 9 of 11

9

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  June 1, 2010                Signature  /s/ Ronald Presbitero
                                                                    Ronald Presbitero
                                                                  President

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# First Choice Drywall, Inc.
## Case No. 10-06981

### Statement of Financial Affairs
### No. 3b – Payments to creditors

| Name & Address of Creditor | Dates of Payments | Amount Paid | Amount Still Owing |
|---|---|---|---|
| 5620 Building<br>5620 West 120th St.<br>Alsip, IL 60803 | 12/08/09<br>12/29/09<br>01/14/10<br>01/29/10<br>03/22/10 | $4,200.00<br>$4,200.00<br>$2,100.00<br>$1,000.00<br>$2,000.00 | $0.00 |
| Aetna<br>P.O. Box 44129<br>Jacksonville, FL 32231 | 12/10/09<br>01/29/10 | $5,741.60<br>$2,870.20 | $2,870.80 |
| Emmanuel Construction<br>4014 West 127th Street<br>Alsip, IL 60803 | Feb, 2010 | $13,450.00 | $8,000.00 |
| First Look Design<br>11423 Abbey Road<br>Mokena, IL 60448 | 12/28/09 | $6,820.00 | $2,265.00 |
| Glidden Paints<br>9741 Southwest Hwy.<br>Oak Lawn, IL 60453 | 12/04/09<br>12/10/09 | $4,380.17<br>$2,255.51 | $0.00 |
| Painters' District Council<br>No. 30<br>1905 Sequoia Drive<br>Aurora, IL 60506 | Dec, 2009<br>Jan, 2010 | $27,703.44 | $136,580.76 |
| Professional Handling<br>5386 Newburg Road<br>Belvidere, IL 61008 | 12/10/09<br>01/21/10 | $18,261.35<br>$38,946.98 | $17,928.54 |
| Thomas McQueen<br>Attorney at Law<br>321 South Plymouth Ct.<br>10th Floor<br>Chicago, IL 60604 | 12/10/09 | $9,000.00 | $0.00 |

| | | | |
|---|---|---|---|
| Twins Drywall Inc.<br>14309 McKinley Ave.<br>Posen, IL 60469 | 12/10/09 | $10,948.00 | $223,628.00 |
| Velio Hauling<br>14309 McKinley Ave.<br>Posen, IL 60469 | 12/10/09 | $11,313.00 | $0.00 |

# EXHIBIT C

B6B (Official Form 6B) (12/07)

In re    First Choice Drywall, Inc. _____ ,    Case No. ____10-06981_____
                                                        Debtor

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Harris Bank Checking Account Acct No. 8812 | - | 0.00 |
| | | Countryside Bank Checking Account Acct. No. 7000 | - | 0.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >            0.00
(Total of this page)

__3__ continuation sheets attached to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    First Choice Drywall, Inc.                                                                    ,    Case No.   10-06981
                                                          Debtor

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | See Attachment | - | 573,862.80 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Foreclosure Lien First Choice Drywall, Inc. v. Lincoln Contractors of Chicago, Inc., et al. Case 08 CH 2221 Pending in 19th Judicial Circuit, Lake County, Illinois | - | 70,201.84 |

Sub-Total >    644,064.64
(Total of this page)

Sheet   1   of   3   continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    First Choice Drywall, Inc. _____ ,    Case No. ____10-06981____
                                                    Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | Foreclosure Lien First Choice Drywall, Inc. v. Lincoln Contractors of Chicago, Inc., et al. Case 08 CH 2222 Pending in 19th Judicial Circuit, Lake County, Illinois | - | 22,857.40 |
| | | Foreclosure Lien First Choice Drywall, Inc. v. Lincoln Contractors of Chicago, Inc., et al. Case 08 CH 2223 Pending in 19th Judicial Circuit, Lake County, Illinois | - | 148,475.50 |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | Ford F800 Box Truck 257,000 miles | - | 5,000.00 |
| | | Ford E150 Van 168,000 miles | - | 1,335.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | See attachment | - | 10,000.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | See attachment | - | 20,000.00 |
| 30. Inventory. | | See attachment | - | 15,000.00 |
| 31. Animals. | X | | | |

Sub-Total >        222,667.90
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    First Choice Drywall, Inc.                                                          Case No. _____ 10-06981 _____
_____,
                                            Debtor

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | Sub-Total > | 0.00 |
|---|---|---|
|  | (Total of this page) | |
|  | Total > | 866,732.54 |

Sheet  3  of  3  continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                        Best Case Bankruptcy

# First Choice Drywall, Inc.
## Case No. 10-06981

### Schedule B – Personal Property
### No. 16 – Accounts Receivable

| | |
|---|---|
| Oliveiri Brothers<br>750 Center Road<br>Frankfort, IL 60423 | $8,445.71 |
| Ryland Homes<br>1141 East Main Street<br>Suite 108<br>East Dundee, IL 60118 | $36,000.00 |
| Neumann Homes<br>(Bankruptcy Case No. 07-20412) | $49,746.34 |
| Lincoln Properties<br>2603 West 22nd Street<br>Suite 22<br>Oakbrook, IL 60523 | $241,534.74 |
| Pinehurst Homes<br>872 South Milwaukee Avenue<br>Suite 297<br>Libertyville, IL 60048 | $39,349.60 |
| Wiseman-Hughes Enterprises<br>975 East 22nd Street<br>Wheaton, IL 60189 | $23,539.91 |
| Kipling Development<br>611 West Jefferson Street<br>Shorewood, IL 60404 | $16,370.00 |

RO Financial                    $7,090.00
2500 S. Highland Avenue
Lombard, IL 60148

Kirk Homes                      $7,161.50
(Bankruptcy Case No. 09-17236)

MLC Development                 $2,323.00
1301 West 22nd Street
Oak Brook, IL 60523

DePinto Carpentry               $15,000.00
27 South Howard Avenue
Suite C
Roselle, IL 60172

Zausa Homes                     $25,320.00
10173 Winterset Drive
Orland Park, IL 60467

JS II LLC                       $101,982.00
(Bankruptcy Case No. 07-3856)

# First Choice Drywall, Inc.
## Case No. 10-06981

### Schedule B – Personal Property
### No. 28 – Office equipment, furnishings, and supplies
### (All located at 5620 West 120 Street, Alsip, IL 60803)

Typewriters (2)
Desk & Chairs (5)
Phones (8)
Conference Table and Chairs (6)
Television
File Cabinets (3)
Copier Stand
Storage Cabinets (3)
Shelving Unit
Work Benches (2)
Couch
Television Stands (3)
Calculators (3)
Storage Bins (7)

# First Choice Drywall, Inc.
## Case No. 10-06981

### Schedule B – Personal Property
### No. 29 – Machinery, fixtures, equipment, and supplies
### used in business
### (All located at 5620 West 120 Street, Alsip, IL 60803)

Graco 5900 Sprayers (2)
Graco 7900 Sprayer
US Air Compressor
Graco 3900 Sprayer (2)
Pro Force 23 Sprayer
6' Ladders (2)
4' Ladders (2)
16' Ladders (3)
24' Ladders (3)
32' Ladders (4)
18' Ladder
12' Ladder
8' Ladder
HVLP Sprayers (2)
Sprayer Hoses (4)
Air Hose
Chemical Hose
40' Ladder
Paint Mixer
Ingersoll Rand Air Compressor 185
Greco King Pumps (3)

# First Choice Drywall, Inc.
## Case No. 10-06981

### Schedule B – Personal Property
### No. 30 – Inventory
### (All located at 5620 West 120 Street, Alsip, IL 60803)

55 Gallon drums of latex paint (7)
5 Gallon buckets of paint (61)
1 Gallon cans of gloss/enamel (137)
1 Gallon cans of stain (57)
1 Quart cans of stain/varnish (22)
1 Gallon cans of denatured alcohol (5)
1 Gallon cans of lacquer tinge (2)
1 Gallon cans of paint thinner (5)
1 Gallon cans of floetrol (8)
1 Gallon bottles of muriatic acid (5)
Putty (36)
5 Gallon buckets of fire dam spray 100 (5)

B6D (Official Form 6D) (12/07)

In re    First Choice Drywall, Inc.                                     ,          Case No.    10-06981
                                                    Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | Codebtor | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | Contingent | Unliquidated | Disputed | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | | |
| Account No. | | | | | July, 2008 | | | | | |
| Harris N.A. 111 W. Monroe Street Chicago, IL 60603 | X | - | | | Lien  All of debtor's personal property | | | | | |
| | | | | | Value $           0.00 | | | | 3,402,300.00 | 3,402,300.00 |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |

|  0   continuation sheets attached | Subtotal (Total of this page) | 3,402,300.00 | 3,402,300.00 |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | 3,402,300.00 | 3,402,300.00 |

# EXHIBIT D

FIRST CHOICE DRYWALL INC.

Four twenty-one and 21/100 dollars

PAY
TO THE
ORDER
OF
Ronald Presbitero
12235 Kenswood Drive
Homer Glen IL 60491

3672

DATE 1/15/10   AMOUNT 421.21







FIRST CHOICE DRYWALL INC.

3653

four hundred twenty-one and 21/100 dollars

Ronald Presbitero
12233 Eastwood Drive
Homer Glen IL 60491

---

FIRST CHOICE DRYWALL INC.

3654

one thousand eighteen hundred and 00/100 dollars

Ronald J. Presbitero
14014 Doral
Homer Glen IL 60491

FIRST CHOICE DRYWALL INC.

3724

Four hundred twenty-one and 21/100 dollars

DATE 2/26/10

AMOUNT 421.71

PAY
TO THE
ORDER
OF

Ronald Presbitero
12235 Eastwood Drive
Homer Glen IL 60491









3734

**FIRST CHOICE DRYWALL INC.**
5636 WEST 59TH STREET
ALSIP, IL 60652

STATE BANK OF COUNTRYSIDE
70-2421-719

one thousand eight hundred and 00/100 dollars

DATE 3/5/10

AMOUNT 1800.00

PAY TO THE ORDER OF
Ronald J. Presbitero
14014 Socal
Homer Glen IL 60491

⑈003734⑈ ⑆071924212⑈ ⑆5006787000⑈



3743

**FIRST CHOICE DRYWALL INC.**
5636 WEST 59TH STREET
ALSIP, IL 60652

STATE BANK OF COUNTRYSIDE
70-2421-719

T hree thousand and 00/100

DATE 3/23/10

AMOUNT 13,000.00

PAY TO THE ORDER OF
Ronald J. Presbitero

⑈003743⑈ ⑆071924212⑈ ⑆5006787000⑈



